The document below is hereby signed.

Signed: June 12, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
            UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| VIVIAN W. BOWERS, | ) | Case No. 09-00584 |
| | ) | (Chapter 7) |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| VIVIAN W. BOWERS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Adversary Proceeding No. |
| | ) | 09-10053 |
| CONSUMERS UNITED CAPITAL | ) | |
| CORPORATION, | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |
|     Defendant. | ) | |

<u>MEMORANDUM DECISION RE DISMISSAL OF ADVERSARY PROCEEDING</u>

This adversary proceeding, apparently brought under 11 U.S.C. § 362(k), seeks to recover from the defendant actual damages and punitive damages arising from an alleged violation of the automatic stay of 11 U.S.C. § 362(a).  The adversary proceeding is barred by a ruling on a contempt motion in the main case.

In the main case, the debtor sought by way of a contempt motion to hold the defendant in this adversary proceeding liable

for compensatory contempt sanctions for the same acts that allegedly constituted a violation of the automatic stay. By a decision signed on February 25, 2010, I dismissed the motion in the main case on the merits, concluding that the automatic stay was not violated.

The only difference in the two proceedings is that punitive damages can be recovered under § 362(k) whereas they are likely not recoverable for contempt. But whether sought pursuant to a contempt motion or a § 362(k) proceeding, the requested damages cannot be recovered if there was no violation of the automatic stay.

An order follows dismissing this adversary proceeding.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.